WILLIAM D. MOSELEY AND THE EXECUTOR OF JESSE H. WILLIS *vs.* JOHN S. SHEPHERD.

WHERE two separate and distinct rules are taken at the same time against the Marshal, which, after a joint trial, are dismissed by one order or judgment of the Court, the parties to the two rules cannot legally unite in one joint appeal bond ; although the order or judgment allowed the parties an appeal upon their filing their appeal bond. In such a case, separate appeals should be taken.

APPEAL from the judgment of late Superior Court for Leon County.

The following tabular statement will show the different executions, which came to the hands of the Marshal, against the executors of A. M. Gatlin, and the endorsements on each of them :

Moseley and Willis' Executor *vs.* Shepherd.

| In whose favor. | No. of execution | When it came to hands of marshal | "Stay" by order of plaintiff endorsed on execution. | Remarks. | Amount. |
|---|---|---|---|---|---|
| Union B'k Fla., *vs.* | 2887 | 1 April, '44. | From May 9, 1844, to June 1, 1844. | May 16, 1844, same levy as endorsed on 2994. Credit, 6 Jan'y. '45, $17,040, by sale of lands, negroes & 8 mules. | $20,229 53 |
| Union B'k Fla., *vs.* | 2982 | 16 May '44, 15 minutes after 2 o'k. | | May 16, 1844, same levy as 2994. | 4,285 06 |
| Union B'k Fla., *vs.* | 2983 | 16 May '44, 15 minutes after 2 o'k. | | May 16, 1844, same levy as on 2994. | 1,532 24 |
| Union B'k Fla., *vs.* | 2994 | 16 May '44. | | May 8, '44, levied on 77 negroes, on which pl'ff held a mortgage. On May 16, on 14 mules and 22 negroes, levied on under 2981. Oct. 7, levied on 1200 bushels of corn, and 4½ stacks of fodder. | 4,743 20 |
| Jesse H. Willis, *vs.* | 2981 | 16 May '44, 10 minutes after 2 o'k. | | May 16, 1844, levied on 22 negroes. | 4,859 59 |
| W. D. Moseley, *vs.* | 2985 | 16 May '44. | | May 16, 1844, same levy as endorsed on & attached to 2994 and 2981. | 494 01 |

On 28th April, 1845, Willis, plaintiff in execution, No. 2981, took a rule on the Marshal, to show cause why he should not pay over to him the moneys arising from sale of the mules, corn and fodder, sold on 1st Monday in January, under and by virtue of executions in his hand, as the property of the estate of Gatlin. On same day Moseley, plaintiff in execution, No. 2985, took a similar rule.

Afterwards the following judgment was entered :

"This day came as well the plaintiffs in the above executions, as John S. Shepherd, assignee of the Union Bank of Florida, plaintiff in the several executions returned by the Marshal with his answer, by their respective Attorneys. And the Court having fully heard the evidence, and argument of counsel, doth order and adjudge,

Moseley and Willis' Executor *vs.* Shepherd.

that the moneys arising from the sales of the mules, and corn and fodder, sold on the first Monday in January last, by the Marshal, properly belong, and are applicable to the executions in favor of the Union Bank of Florida, against A. M. Gatlin's executors, Nos. 2887, 2982, 2983 and 2994, respectively; and therefore the Court discharges the said rules with costs, &c. From which order and judgment of the Court, the said Jesse H. Willis and W. D. Moseley, prayed an appeal, which is granted them upon their entering bond in the sum of one hundred dollars, conditioned for the payment of all costs and damages, on fail ure of prosecuting their said appeal with effect; and upon motion of the said Willis and Moseley, seventy days is allowed them, within which to execute their said appeal bond."

Willis and Moseley accordingly filed their joint appeal bond. ·

Appellee, by his counsel, moved to dismiss the appeal, because, among other reasons assigned, it was taken jointly, and not separately.

*Hagner & J. & L. Branch,* for appellants, insisted :

The judgment of the Court being joint, the appeal was necessarily taken jointly, and a joint appeal bond filed. That, under the judgment, it would have been irregular to have taken the appeal in any other way. If the Court below erred in rendering a joint judgment, instead of a seperate judgment on each of the rules, this of itself is sufficient ground for reversing this judgment; but not for a dismissal of the appeal.

A dismissal of the appeal, because taken in accordance with the judgment which appellants are seeking to reverse, among other reasons, because of the error in its being entered jointly, would be to deprive a party of all remedy for an injustice which is admitted; and the very error complained of, would preclude the judgment from being brought to this Court for reversal or correction.

*Long & Walker,* for Appellee.

BALTZELL, Justice :

Two rules were taken in the Court below, by different counsel, against John G. Camp, as follows :

Jessse H. Willis,
      *vs.*
Lamb, Ex'r of Gatlin, dec'd.     And now, on this 28th day of April, 1845, on motion of Thompson & Hagner, of counsel for plaintiff, it is ordered, that John G. Camp, Esq., Marshal of the Middle Dis-

Moseley and Willis' Executor *vs.* Shepherd.

trict, do show cause on to-morrow morning, why he should not pay over to the plaintiff in this execution, the moneys arising from the sale of the mules, and corn and fodder, sold on the 1st Monday of January last, as the property of the estate of Gatlin, under and by executions in his hands, against the executors of said estate.

The other rule is entitled :

W. D. Moseley, }
    *vs.*          }
Ex'rs of Gatlin. }

And was made by J. & L. O'B. Branch, counsel for plaintiff, and is in other respects a copy of the former.

The Marshal, in return to this writ, says : " He returns into Court the executions, No. 2887, &c., respectively issued at the suit of the Union Bank of Florida, against the executors of Gatlin, together with certain papers, and that he did, on the 16th May, 1844, levy upon said mules, corn and fodder, by virtue of said executions, and made sale thereof, to satisfy the same.   That he holds the proceeds for the use and benefit of the assignee of the plaintiff in said suits respectively.   All which he submits."

Afterwards, on a day which does not appear, the following order was made :

Jesse H. Willis, }
     *vs.*         }
L. G. Lamb, Ex'r of Gatlin. }

Wm. D. Moseley, }   In Re.
    *vs.*         }   The rule upon the Marshal, J. G. Camp.
The same.        }

This day came, as well the plaintiff in the above executions, as John S. Shepherd, assignee of the Union Bank of Florida, plaintiff in the several executions returned by the Marshal with his answer, by their respective attorneys ; and the Court, having fully heard the evidence and argument of counsel, doth order and adjudge, that the moneys arising from the sales of the mules, and corn, and fodder, sold on the first Monday in January last, by the Marshal, properly belong, and are applicable to the executions in favor of the Union Bank of Florida, against A. M. Gatlin's Executors, respectively, and therefore the Court discharges the said rules, with costs.   From which order and judgment of the said Court, the said Jesse H. Willis and W. D. Moseley, prayed an appeal, which is granted them, upon their entering into bond, in the sum of one hundred dollars,

Moseley and Willis' Executor *vs.* Shepherd.

conditioned for payment of costs and damages, on failure to prosecute their appeal with effect.

An appeal bond was executed and given, to the effect as follows :

Know all men by these presents, that we, Jesse. H. Willis, Wm. D. Moseley,                    are held and firmly bound unto John S. Shepherd, in the just and full sum of one hundred dollars, &c.

The condition is such that, whereas, on the 8th of May, 1845, in the matter of a rule on John G. Camp, Marshal, issued at the instance of said Jesse H. Willis and W. D. Moseley, the said Court considered, that the moneys arising from certain sales of personal property, belonged to sundry executions, wherein Union Bank of Florida, for the use of John S. Shepherd, assignee, is plaintiff, and the executors of A. M. Gatlin are defendants ; and thereupon dismissed said rule, from which said Willis and Moseley appealed to the Court of Appeals. If, therefore, the said Willis and Moseley shall pay the costs and damages, &c., then the obligation was to be void.

A motion is made to dismiss this appeal, on the ground that it was irregularly taken.

Without adverting to the fact, that the bond is not made payable to Camp, the party to the suit, and against whom the rule was taken, it is sufficient, in the opinion of the Court, that the interests of these parties are separate, and that they cannot legally unite in a joint appeal bond. The rule is in the nature of a suit ; and if these cases had been commenced by writ and declaration, they must have presented separate and distinct interests and rights. The dismissal of them by one order, in no sense makes them joint, or a joint judgment. Properly speaking, and in strictness, there should have been a separate order in each case ; but for brevity, as the same order may apply to several cases, their incorporation together has been permitted in practice, where the object of the Court could be equally attained by it. If the decision of the Court had been different, and for plaintiffs below, a separate order would have been requisite and indispensable. If the parties had succeeded, the judgment of the Court would have been, to pay to each the sum to which he might be found entitled, and his costs ; and such would be the judgment of this Court, if the parties succeeded here upon their rules. In this latter event there would be two separate judgments in a common law case, and in favor of different parties, having distinct and oppos-

ing interests, which cannot, in our opinion, be according to the rules of law.

As the judgment of dismissal stands now in the Court below, we are of opinion that separate executions ought to issue against each of the parties, for the costs in that Court.

The appeal will therefore be dismissed, with costs.